IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

DANIEL BRENTON,                          )
                                         )
              Petitioner,                )
                                         )
                                         )      CIV-09-288-M
v.                                       )
                                         )
MIKE MULLIN, Warden,                     )
                                         )
              Respondent.                )

REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging the conviction for Rape in the First Degree entered against him in the District Court of Comanche County, Case No. CF-2003-262. Respondent has moved to dismiss the Petition on the ground that it is barred by operation of 28 U.S.C. § 2244(d)(1), and Petitioner has responded to the Motion to Dismiss.  The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  For the following reasons, it is recommended that the Petition be DISMISSED on the ground that it is time-barred.

In Case No. CF-2003-262 filed in the District Court of Comanche County, Petitioner was charged with one count of Rape in the First Degree.  On January 16, 2004, Petitioner appeared in court with his attorney and entered a guilty plea to the charge.  Consistent with the plea agreement negotiated between Petitioner and the prosecution, Petitioner was sentenced to ten years of

1

imprisonment for this conviction with all but the first eight years suspended.  Petitioner did not appeal this conviction.

On July 29, 2008, Petitioner filed an application for writ of habeas corpus and/or sentence modification in the district court.  In this post-conviction application, Petitioner asserted that his plea was not knowingly and voluntarily entered because he was unaware of Oklahoma law requiring him to serve 85% of his sentence before becoming eligible for parole.  On September 24, 2008, the district court entered an order denying Petitioner's application for post-conviction relief.  On January 9, 2009, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the district court's denial of the Petitioner's post-conviction application.  The OCCA found that Petitioner had not provided sufficient reason for failing to raise the issue of the validity of his plea through certiorari appeal proceedings.

In ground one of the instant Petition filed March 16, 2009, Petitioner contends that his guilty plea was not knowingly and voluntarily entered because he was not informed before the plea of the Oklahoma law requiring him to serve 85 % of his sentence before becoming eligible for parole.[1] In ground two, Petitioner contends that his defense counsel provided constitutionally ineffective assistance by failing to investigate and advise Petitioner of the Oklahoma law requiring him to serve 85 % of his sentence prior to becoming eligible for parole.  In his third ground for habeas relief, Petitioner contends that he "is entitled to withdraw his plea as the Defendant's [sic] in Ferguson and

---

[1]Pursuant to 21 Okla. Stat. tit. 21, § 13.1 (Supp. 2003), defendants convicted of the offenses enumerated in the statute must "serve not less than eighty-five percent (85 %) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole." Section 13.1 also provides that "[p]ersons convicted of these offenses shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85 %) of the sentence imposed."  This statute was in effect at the time of Petitioner's sentencing. See Petition, Att. B (Order Affirming Denial of Post-conviction Relief).

Pickens were allowed to do" and "as the Court of Criminal Appeals has stated that withdrawing his

plea is his only option." Petition, at 7.   Petitioner concedes that in his state court post-conviction

application and appeal he did not request relief in the form of withdrawal of his plea. However, he

asserts that it would be futile to require him to return to state court to request a withdrawal of his

guilty plea because another post-conviction application "would be barred..." Petition, at 8.

In a Motion to Dismiss the Petition, Respondent contends that Petitioner failed to file his

Petition within the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1) and that this

provision bars judicial review of the merits of the grounds asserted in the Petition.  In response to

the Motion to Dismiss, Petitioner initially asserts that his Petition is timely because the one-year

limitation period began to run on the date the OCCA entered its order denying his post-conviction

application.  Ultimately, however, Petitioner seeks to withdraw his habeas Petition in order to

exhaust state court remedies concerning the grounds for relief urged in his Petition.

Pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214, 28 U.S.C. §2244 imposes a one-year period of

limitation upon the filing of a petition seeking a writ of habeas corpus by a person in custody

pursuant to a state court judgment. 28 U.S.C. §2244(d)(1).  As an Oklahoma prisoner seeking

federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See

Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed

after the AEDPA's effective date of April 24, 1996).

Under 28 U.S.C. §2244(d)(1)(A), the one-year limitation period generally begins to run

from "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."  The one-year limitation period is tolled for "[t]he

time during which a properly filed application for State post-conviction relief or other collateral

review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. §2244(d)(2). Additionally, the one-year limitation period may in rare and extraordinary circumstances "be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998).

Petitioner was convicted and sentenced in Case No. CF-2003-262 on January 16, 2004. Because Petitioner did not file a motion to withdraw the plea or seek to appeal the plea-based conviction, the conviction became "final" under 28 U.S.C. §2244(d)(1)(A) on January 26, 2004, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App. The one-year limitation period applicable to the Petitioner's filing of a federal habeas petition expired one year later, on January 26, 2005, absent statutory or equitable tolling exceptions.

There are no statutory tolling exceptions applicable to extend the limitation period in this case. Petitioner did not seek post-conviction relief in the state courts until July 2008. His state court filing after the AEDPA deadline passed does not toll the limitations period. Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001). Moreover, Petitioner has not shown that an extraordinary circumstance excuses his failure to timely file his federal habeas petition. "Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - -

4

or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defendant pleading during the statutory period," but equitable tolling is not appropriate in circumstances amounting to "excusable neglect." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

In his Petition, Petitioner provides no explanation for his failure to timely file his Petition. His response to Defendant's Motion to Dismiss also fails to provide any extraordinary circumstances warranting the application of the equitable tolling exception.  Petitioner's ignorance of the law is not a circumstance that warrants equitable tolling, Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(ignorance of the law does not excuse untimely filing), and he has not provided facts supporting either mental incapacity or actual innocence. See Lawrence, 549 U.S. at 337 (rejecting habeas petitioner's argument that his mental incapacity entitled him to equitable tolling of one-year limitations period); Schlup v. Delo, 513 U.S. 298, 324 (1995)(holding habeas petitioner must support his allegations of innocence with "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial").  Petitioner did not file his 28 U.S.C. § 2254 Petition until March 16, 2009, well after the one-year limitation period expired.  Consequently, Petitioner has failed to timely file his federal habeas petition.  He has also failed to show that he has diligently pursued his federal claims or that some extraordinary circumstance(s) stood in the way of his timely filing of the Petition.

Petitioner exhausted state court remedies with respect to the only constitutional claims asserted in the Petition in grounds one and two.  Respondent suggests that the claim asserted by Petitioner in his third ground for relief may be unexhausted, and Petitioner latches onto this argument to request that the Petition be dismissed without prejudice to refiling another petition after he has exhausted state court remedies.  Petitioner argues in ground three only that he is entitled to

5

withdraw his guilty plea because of the meritorious claims he has raised in grounds one and two of the Petition.  This assertion cannot be considered a separate, unexhausted claim but rather presents the Petitioner's demand for relief with respect to the issues raised in grounds one and two of the Petition.  Nevertheless, the issue of Petitioner's exhaustion of state remedies need not be resolved.  Because his Petition is not timely filed, Petitioner's request for voluntary dismissal of the Petition to allow him to exhaust state court remedies should be denied.  See Garcia v. Archuleta, 253 Fed. Apx. 802, 2007 WL 3301427 (10th Cir. Nov. 8, 2007)(unpublished op.)(upholding dismissal of habeas petition on ground it was time-barred where district court did not reach question of exhaustion of state remedies).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as it is time-barred and that Petitioner's request for voluntary dismissal of the Petition to allow him to exhaust state court remedies be DENIED.  The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___May 27th___, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

6

ENTERED this ____7th____ day of ___May___, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE